UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

The Dress Barn, Inc.,

            Plaintiff,

  -against-

Klauber Brothers, Inc.,

            Defendant.

-------------------------------------------------------X

18 CV  08085

**COMPLAINT FOR DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff The Dress Barn, Inc., by and through its undersigned attorneys, hereby pleads for relief against Defendant Klauber Brothers, Inc., as follows:

**Parties**

1.    Plaintiff The Dress Barn, Inc. ("Dressbarn") is a corporation organized and existing under the laws of the state of Connecticut, with its principal place of business in New Jersey.

2.    Defendant Klauber Brothers, Inc. ("Klauber") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York.

**Jurisdiction and Venue**

3.    This action arises under the Copyright Act, 17 U.S.C. §101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b) because Dressbarn seeks a declaration of rights with respect to alleged copyrights.

5. Venue in this district is proper under 28 U.S.C. §§1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and the defendant is subject to personal jurisdiction in this district.

### Relevant Facts

6. On or around June 11, 2018, Klauber, through its California-based attorneys, sent a cease and desist letter to "Ascena Retail Group, Inc. d/b/a Dressbarn" at Dressbarn's New Jersey headquarters (the "Letter").

7. Ascena Retail Group, Inc. is Dressbarn's parent company.

8. Dressbarn has always been a separate entity from Ascena Retail Group, Inc.

9. Klauber and its attorneys knew at the time they sent the Letter that Dressbarn is a separate entity from Ascena Retail Group, Inc. due to a prior dispute between Dressbarn and Klauber.

10. The Letter claimed that Ascena (really, Dressbarn) was selling products that allegedly infringe the copyrights purportedly held by Klauber in lace designs.

11. The two allegedly infringing products identified in the Letter, a camisole and a sweater, were purchased by Dressbarn from third-party suppliers and sold by Dressbarn in its retail stores and online.

12. Ascena Retail Group, Inc. did not purchase or sell the allegedly infringing products.

13. Lace designs utilize motifs, techniques, and design elements that are common to particular styles of lace and/or the industry as a whole and/or dictated or influenced by manufacturing processes.

14.     Because of commonalities in motifs, techniques, and design elements it is difficult or impossible to identify the source of any particular design.

15.     Many retailers, like Dressbarn, purchase finished garments and/or fabrics from suppliers and reasonably rely on contractual assurances that the products do not infringe third-party rights.

16.     Considering the industry as a whole, it is reasonable for retailers to rely on supplier representations given the relatively small number of garments accused of infringement.

17.     Dressbarn's reliance is reasonable because there is no mechanism or database by which Dressbarn or other retailers could reasonably determine whether any particular fabric or lace design supplied to it infringes any third-party rights.

18.     The lace designs used on clothing by Dressbarn are typically interchangeable and the "original" aspects of a particular design do not contribute meaningfully, if at all, to the overall commercial appeal of the garment.

19.     Copyright infringement lawsuits brought by parties like Klauber result in windfalls to Klauber and its attorneys.

20.     Copyright infringement lawsuits brought by parties like Klauber against retailers unfairly require retailers, who are typically several steps removed from the creation of the lace design, to disproportionately bear the costs associated with decisions made by others.

21.     The two allegedly infringing products and the designs allegedly infringed were identified by Klauber as follows:





22.     Upon information and belief, any similarities between the lace design claimed in Klauber Design 7010 and the Dressbarn camisole are pre-existing motifs, common techniques, and/or design elements that are not original to the Klauber Design 7010.

23.     Upon information and belief, any similarities between the lace design claimed in Klauber Design 688 and the Dressbarn sweater are pre-existing motifs, common techniques, and/or design elements that are not original to the Klauber Design 688.

24.     Dressbarn did not copy Klauber Design 7010 or Klauber Design 688.

25. Upon information and belief, none of the suppliers who provided the allegedly infringing products to Dressbarn copied Klauber Design 7010 or Klauber Design 688.

26. The accumulation of differences gives the Dressbarn camisole a substantially different total concept and overall feel than Klauber Design 7010.

27. The accumulation of differences gives the Dressbarn sweater a substantially different total concept and overall feel than Klauber Design 688.

28. Upon information and belief, Klauber's registrations of the copyrights in and to Klauber Design 7010 and Klauber Design 688 are invalid because they omit references to pre-existing works, fail to properly identify the authors of the registered work, and/or do not contain sufficient minimal creativity required to support a copyright.

29. Upon information and belief, Klauber knew, or through the exercise of reasonable diligence should have known, of Dressbarn's sale of the allegedly infringing products more than three years ago.

## Count I

### Declaration of Copyright Registration Invalidity re Klauber Design 7010

30. Dressbarn reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

31. Klauber has wrongly asserted that Dressbarn infringes its copyright in and to Klauber Design 7010.

32. In order to file an action for copyright infringement, Klauber must possess a valid copyright registration for the asserted work.

33. Upon information and belief, the registration of Klauber Design 7010 is invalid because Klauber's registration of the same omits references to pre-existing works, fails to

properly identify the authors of the registered work, and/or does not evidence sufficient minimal creativity required to support a copyright.

34. As a result of the acts described in the foregoing paragraphs, including but not limited to Klauber's assertion of an invalid copyright, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Absent a declaration by the Court that Klauber's Design 7010 is invalid, Dressbarn will be irreparably harmed.

## Count II

### Declaration of No Infringement of Klauber Design 7010

36. Dressbarn reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

37. Klauber has wrongly asserted that Dressbarn infringes its copyright in and to Klauber Design 7010.

38. The Dressbarn camisole that Klauber accused of infringement does not infringe Klauber Design 7010, including because Dressbarn did not copy Klauber Design 7010 and any similarities between the lace design claimed in Klauber Design 7010 and the Dressbarn camisole are pre-existing motifs, common techniques, and/or design elements that are not original to the Klauber Design 7010.

39. As a result of the acts described in the foregoing paragraphs there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Absent a declaration by the Court that Dressbarn has not infringed Klauber's Design 7010, or any other copyright asserted by Klauber with respect to the Dressbarn camisole identified in Paragraph 21, Dressbarn will be irreparably harmed.

### Count III

### Declaration of Copyright Registration Invalidity re Klauber Design 688

41. Dressbarn reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

42. Klauber has wrongly asserted that Dressbarn infringes its copyright in and to Klauber Design 688.

43. In order to file an action for copyright infringement, Klauber must possess a valid copyright registration for the asserted work.

44. Upon information and belief, the registration of Klauber Design 688 is invalid because Klauber's registration of the same omits references to pre-existing works, fails to properly identify the authors of the registered work, and/or does not evidence sufficient minimal creativity required to support a copyright.

45. As a result of the acts described in the foregoing paragraphs, including but not limited to Klauber's assertion of an invalid copyright, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46. Absent a declaration by the Court that Klauber's Design 688 is invalid, Dressbarn will be irreparably harmed.

## Count IV

### Declaration of No Infringement of Klauber Design 688

47. Dressbarn reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

48. Klauber has wrongly asserted that Dressbarn infringes its copyright in and to Klauber Design 688.

49. The Dressbarn sweater that Klauber accused of infringement does not infringe Klauber Design 688, including because Dressbarn did not copy Klauber Design 688 and any similarities between the lace design claimed in Klauber Design 688 and the Dressbarn sweater are pre-existing motifs, common techniques, and/or design elements that are not original to the Klauber Design 688.

50. As a result of the acts described in the foregoing paragraphs there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51. Absent a declaration by the Court that Dressbarn has not infringed Klauber's Design 688, or any other copyright asserted by Klauber with respect to the Dressbarn sweater identified in Paragraph 21, Dressbarn will be irreparably harmed.

## Count V

### Declaration of No or Limited Relief

52. Dressbarn reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

53. Upon information and belief, Klauber regularly reviews Dressbarn's website and retail stores as part of its lucrative copyright enforcement program.

54. Dressbarn first sold one or more of the accused Dressbarn products more than three years ago.

55. Dressbarn's sales of one or more of the accused Dressbarn products more than three years ago were widespread, public and easily identifiable through the exercise of reasonable diligence.

56. Upon information and belief, Klauber's review of Dressbarn's website and/or retail store more than three years ago should have put Klauber on notice that Dressbarn was selling one or more of the accused Dressbarn products and, therefore, any cause of action related to those items accrued more than three years ago.

57. In any event, pursuant to Second Circuit precedent, Klauber is not entitled to damages related to items sold by Dressbarn more than three years ago.

58. Upon information and belief, Klauber will file a lawsuit and improperly claim entitlement to all of Dressbarn's profits associated with sales of the accused Dressbarn products, without proper apportionment of the value of the original aspects of the alleged copyrighted design to the garments as a whole and without regard to Klauber's failure to assert its rights within the three year statutory period provided in the Copyright Act, 17 U.S.C. §507(b).

59. As a result of the acts described in the foregoing paragraphs there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60. Absent a declaration by the Court that Klauber, in the event it proves infringement, is not entitled to damages related to items sold more than three years prior to Klauber's first bringing its claim and not entitled to damages attributable to factors other than the original aspects of the allegedly copyrighted designs, Dressbarn will be irreparably harmed.

**WHEREFORE**, Plaintiff prays for relief as follows:

    a.    For a declaration that the copyrights at issue in this action are not valid.

    b.    For a declaration that the copyrights at issue in this action have not been infringed by Dressbarn.

    c.    For a declaration that Klauber is not entitled to damages related to items sold more than three years prior to Klauber's first bringing its claim and not entitled to damages attributable to factors other than the original aspects of the allegedly copyrighted designs

    d.    For costs and attorney fees incurred herein.

    e.    For such other relief as is just.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York
       September 5, 2018

Respectfully submitted,

**BAKER & HOSTETLER LLP**

Of Counsel:

By:   */s/ Kevin M. Wallace*
      Kevin M. Wallace (KW 1284)
      Email: kwallace@bakerlaw.com
      45 Rockefeller Plaza
      14th Floor
      New York, NY  10111
      Telephone:   212.589.4200
      Facsimile:   212.589.4201

**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:   216.621.0200
Facsimile:   216.696.0740
Christina J. Moser (0074817)
Email: cmoser@bakerlaw.com

*Attorneys for Plaintiff*
*The Dress Barn, Inc.*